IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DAMIEN KENARD CRUMBLEY,

Defendant.

CRIMINAL ACTION FILE

NUMBER 1:22-cr-446-TCB

# **O R D E R**

This case comes before the Court on Magistrate Judge J. Elizabeth McBath's non-final report and recommendation ("the R&R") [75], which recommends that Defendant Crumbley's motion [10] to return property, motion [28] to suppress evidence, motion [29] to dismiss indictment, motion [31] to suppress statements, motion [42] to suppress cellular phone extraction and amended motion [45] to suppress evidence be denied. Crumbley has filed objections. [80].

## I.    Background

The R&R provides a detailed factual summary. Because there are no objections to this summary, the Court adopts it in full and will only

provide an overview of the relevant background to the objections to the R&R.

On October 2, 2021, Atlanta Police Department ("APD") Detective Brandon Petcol and APD Officer Austin Denniger were working as off-duty law enforcement officers at Lacura Bar & Bistro nightclub. Crumbley was also at Lacura that night. Detective Petcol worked extensively at Lacura during his eight-year career and was familiar with Crumbley based on his previous visits to Lacura. He also knew that there was an outstanding Fulton County arrest warrant for Crumbley based on an APD "Be On the Lookout" ("BOLO") alert. When Detective Petcol saw Crumbley arrive at Lacura, he notified his unit and called his partner, Detective Sherrod Stancil, to help with Crumbley's arrest.

Detective Petcol witnessed Crumbley, wearing a black backpack, get into the passenger seat of a blue Honda Accord. The officers approached the vehicle. Detective Stancil opened the passenger door and immediately smelled marijuana. He then arrested Crumbley.

Meanwhile, Officer Denniger engaged with the car's driver. He asked the driver if there was anything illegal in the vehicle; the driver

told him that an ounce and a half of marijuana was in the car. Detective Stancil then searched the vehicle and Crumbley's backpack. The backpack contained a firearm and a prescription in Crumbley's name.

Crumbley has moved to suppress the evidence seized from this arrest—the backpack, firearm, prescription, and cell phone. He argues that the officers did not have probable cause to search the vehicle or his backpack. The R&R recommends that this motion be denied because Crumbley does not have standing to challenge the vehicle search, and the officers did have probable cause to search his backpack. Crumbley has filed objections.[1]

## II.  Legal Standard

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of

---

[1] Crumbley does not object to the R&R's recommendations that his motion to suppress cellular extraction, motion to suppress statements, and motion to dismiss indictment be denied.

those portions of the [R&R] to which objection is made." 28 U.S.C.

§ 636(b)(1)(C). In contrast, those portions of the R&R to which no

objection is made need only be reviewed for "clear error." *Macort v.*

*Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting

*Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir.

2005)).[2]

After conducting a complete and careful review of the R&R, the

district judge "may accept, reject, or modify" the magistrate judge's

findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681

F.2d at 732. The district judge "may also receive further evidence or

recommit the matter to the magistrate judge with instructions." 28

U.S.C. § 636(b)(1)(C).

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This standard of review differs from appellate review where findings of fact and conclusions of law are analyzed under different standards. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

## III.  Discussion

Crumbley's objections center on two issues in his motion to suppress. He argues that (1) the officers' initial opening of the car door was unlawful, and (2) the officers did not have probable cause to search Crumbley's backpack. The Court will address these objections in turn.

### A.    Vehicle Intrusion

Crumbley first objects to the officers' initial intrusion of the vehicle. He argues that opening the closed car door is "itself a Fourth Amendment intrusion that requires, at minimum, reasonable suspicion." [80] at 2. Crumbley posits that the R&R did not address the officers' justification for opening the car door and argues that they were presumably "implicitly relying on the alleged warrant." *Id.* at 3.

The Court agrees with Crumbley that the legality of the initial opening of the car door is a separate inquiry from the search of the vehicle itself.[3] When the officers opened the car doors, they initiated an

---

[3] The Court affirms the R&R's conclusion that Crumbley does not have standing to challenge the officers' search of the vehicle, as he does not have possessory interest in it. *See United States v. Cooper,* 133 F.3d 1394, 1398 (11th Cir. 1998) ("A passenger usually lacks a privacy interest in a vehicle that the passenger neither owns nor rents, regardless of whether the driver owns or rents it."). However, Crumbley does have standing to challenge the police's intrusion into the car, as it is considered a *Terry* stop. *United States v. Viezca*, 555 F. Supp. 2d 1254, 1261 (M.D. Ala. 2008) ("A passenger in a vehicle generally has standing to challenge

investigatory stop, known as a "*Terry* stop."[4] *See United States v. Mestre*, 362 F. Supp. 3d 1175, 1180 (M.D. Ala. 2019) (holding that "the seizure occurred the moment Officer Hughes opened the car door and began asking Defendants questions"); *United States v. Brown*, 334 F.3d 1161, 1164 (D.C. Cir. 2003) (assuming that "the opening of the car door constituted both a stop and a search for *Terry* purposes").

*Terry* stops are permissible if "under the totality of the circumstances from the collective knowledge of the officers involved in the stop, they had an objectively reasonable suspicion that [the defendant] had engaged, or was about to engage, in a crime." *United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004) (citations and quotation omitted).

So next, the Court must determine if the officers had reasonable suspicion to open the car door. Crumbley argues that the officers did not because the alleged warrant for his arrest was never entered into evidence and the BOLO is not reliable enough to justify the initial

---

the legality of the initial stop and detention."), *aff'd sub nom. United States v. Ubaldo-Viezca*, 398 F. App'x 573 (11th Cir. 2010).

[4] This concept was established in the case *Terry v. Ohio,* 392 U.S. 1 (1968).

intrusion into the vehicle. He argues that because "the BOLO lacked a date, an indication of when the alleged warrant was issued, who applied for the warrant, which judge granted it, what was stated to the authorizing magistrate in order to obtain it, and whether it was still in effect at the time Mr. Crumbley was arrested," it does not provide reasonable suspicion. [80] at 3.

The Court disagrees. "In forming reasonable suspicion, an officer may rely on information provided by a police bulletin to justify a *Terry* stop." *United States v. Webster*, 314 F. App'x 226, 229 (11th Cir. 2008) (per curiam). The facts in *Webster* are instructive. In that case, "the Montgomery Police Department issued a BOLO for dark-colored vehicle with something to the effect of 'Down South Customs' written on the rear window, which had been allegedly involved in a shooting earlier that day." *Id.* at 227. The Eleventh Circuit held that while "the BOLO description was far from a model of clarity," it was not "prohibitively vague" and sufficiently justified the *Terry* stop. *Id.* at 229.

Here, the BOLO is much more detailed. It lists Crumbley's name, physical identifiers, contact information, underlying crime details including the incident number, and a clear photo. [61-1] at 1. In light of

the totality of the circumstances, including Detective Petcol's familiarity with Crumbley and knowledge of the BOLO, the Court holds that he had reasonable suspicion based on the information available to him at the time. *United States v. Akinlade*, 519 F. App'x 529, 531 (11th Cir. 2013) (per curiam) (holding that officers had reasonable suspicion to stop the defendant based on a BOLO "for an unidentified male suspected of bank fraud"); *United States v. Cherry*, No. 1:18-cr-503-SCJ-JFK, 2019 WL 8757214, at *5 (N.D. Ga. Dec. 26, 2019) ("Additionally, P.O. Idlett's independent reliance on the BOLO provides a minimal level of objective justification for making the [*Terry*] stop of Defendant.") (quotation omitted*), report and recommendation adopted*, No. 1:18-cr-00503-SCJ, 2020 WL 1026712 (N.D. Ga. Mar. 3, 2020).

Accordingly, the Court holds that the officers had reasonable suspicion for the *Terry* stop. The officers' opening of the car door was not unlawful, and the evidence will not be suppressed on that basis. Crumbley's objections are overruled.[5]

---

[5] Crumbley also raises hearsay concerns. He argues that the BOLO is a hearsay document and the officers' statements about the BOLO are hearsay about hearsay. The Court may consider hearsay in ruling on a motion to suppress. *United States v. Todd*, No. 1:16-cr-427-AT-JKL-30, 2019 WL 4548514, at *4 (N.D. Ga. Aug. 28, 2019) ("[T]he Court may rely on hearsay testimony at a hearing on a motion to suppress."), *report and recommendation adopted*, No. 1:16-cr-0427-AT-30, 2019 WL

## B.     Backpack Search

Crumbley next objects to the R&R's conclusion that the officers

had probable cause to search his backpack. He raises two points: (1) the

statements by the driver did not implicate Crumbley's backpack, and (2)

the alleged smell of marijuana is not a sufficient basis for probable

cause.

### 1.     Driver's Statements

Crumbley is wrong that the driver's statement to the officers did

not implicate his backpack.[6] The driver admitted to the officers that

there was about an ounce and a half of marijuana in the vehicle. This

admission is sufficient to establish probable cause for a search of the

vehicle. *See United States v. Gandara-Nunez*, 564 F.2d 693, 695 (5th

---

4543169 (N.D. Ga. Sept. 19, 2019). Though there is information missing, the Court finds the BOLO to be sufficiently reliable to be considered at this juncture. This holding is bolstered by the fact that defense counsel did not raise any of these hearsay or reliability objections at the suppression hearing when the exhibit was entered into evidence or in its post-hearing brief. *See* [65] at 17–18; [69].

[6] Crumbley argues that because he entered the car with his backpack shortly before the arrest, the driver's statements regarding the drugs could not apply to a "closed container that had just recently been placed in [the car]." [80] at 6. This assertion is not supported by case law or common sense. It is reasonable to assume that though the backpack was closed when Crumbley entered the car, he could have opened it and put marijuana in it by the time the officers approached. This objection will be overruled.

Cir. 1977) (per curiam) ("Once possession of marijuana was admitted, the officer had probable cause for a search."). According to Detective Stancil's training and experience, he estimated that an ounce and a half of marijuana is equivalent to the size of a softball and could easily fit into a backpack.

Therefore, the officers had probable cause to search the backpack. *See United States v. Baldwin*, 774 F.3d 711, 720 (11th Cir. 2014) ("Once probable cause exists to search the vehicle, the police may search all parts of the vehicle, and any containers therein, where the object of the search might be found.").

### 2.   Smell of Marijuana

The officers also had probable cause to search the backpack based on the smell of marijuana. Crumbley's assertions that the officers did not actually smell marijuana but "reasoned backwards to give legal cover to their actions" is speculative and unsupported by the record. [80] at 7.

Crumbley bases this argument on Officer Petcol's statement that he did not remember the smell of marijuana and Officer Denniger's statement that he could not remember why he asked about it.

Importantly, Officer Denniger stated that it was either because he saw marijuana or smelled it. Absent evidence of bad faith (and Crumbley offers none), the Court will take Officer Denniger at his word that he smelled or saw marijuana. Further, Crumbley does not address Officer Stancil's statement that he smelled marijuana when he opened the car door. Therefore, this objection will be overruled. *United States v. Santiago-Marrero*, No. 7:22-cr-60-WLS-TQL-1, 2024 WL 3317743, at *8 (M.D. Ga. July 5, 2024) (holding that "there is no evidence to support [the defendant's] contention that Deputy Exum's testimony [regarding smelling marijuana] is false").

The Court further agrees with the R&R that the smell of marijuana alone is an adequate basis for probable cause. Crumbley asserts that because the smell of marijuana, an illegal drug under federal and Georgia law, is indistinguishable from the smell of hemp, a legal commercial product, the smell of marijuana should not be a basis for probable cause.

The Court agrees with the R&R and rejects this argument in full. Under binding Eleventh Circuit case law, the smell of marijuana is a basis for probable cause. *See United States v. Tobin*, 923 F.2d 1506,

1512 (11th Cir. 1991) ("There is no doubt that the agent's suspicions rose to the level of probable cause when, as the door stood open, he detected what he knew from his law enforcement experience to be the odor of marijuana."). The Eleventh Circuit has reiterated this point, even after 2019, the year that Georgia legalized hemp. *United States v. Reed*, No. 21-10257, 2021 WL 5629980 (11th Cir. Dec. 1, 2021) (per curiam) ("When an officer detects the odor of marijuana emanating from a vehicle, probable cause exists to support a warrantless search of the vehicle."). Georgia state courts have similarly held that the smell of marijuana suffices to establish probable cause, also after the legalization of hemp. *See Gowen v. State*, 860 S.E.2d 828, 831 (Ga. Ct. App. 2021) ("[W]e agree with the trial court that the smell of burnt marijuana in Gowen's van provided police with probable cause to search that vehicle.").

Further, Crumbley's unsupported contention that "where there is an equally likely legal explanation, illegality cannot be presumed," is not convincing. [80] at 8. Courts have held that "because 'probable cause may exist even when a suspect is in fact innocent,' it [exists] even though the defendant 'repeatedly [and truthfully] told the arresting

officers that he was smoking hemp, not marijuana.'" *United States v. Lewis*, No. CR 22-0222-WS, 2023 WL 4982247, at *1 (S.D. Ala. Aug. 3, 2023) (quoting *United States v. Bignon*, 813 F. App'x. 34, 37 (2d Cir. 2020)).

This Court is bound by the Eleventh Circuit.[7] The Eleventh Circuit dictates that the smell of marijuana establishes probable cause. So far, Georgia's legalization of hemp has not changed this holding. Accordingly, the Court joins the many other district courts in this circuit and rejects the argument that the legalization of hemp products requires that the smell of marijuana not provide probable cause. *See United States v. Demar*, No. 1:22-cr-404-ELR-JEM-1, 2024 WL 937052 (N.D. Ga. Feb. 26, 2024) (holding that "[f]ollowing this Circuit's binding and persuasive authority, the officers had reasonable suspicion to

---

[7] In his objections, Crumbley emphasizes that the Ninth Circuit has held that the smell of marijuana no longer provides a basis for reasonable suspicion in California. *See United States v. Maffei*, 827 F. App'x 760 (9th Cir. 2020); *United States v. Jones*, 438 F. Supp. 3d 1039 (N.D. Cal. 2020). First of all, these cases are distinct because marijuana was legalized for recreational use in California, unlike in Georgia, so the issue the courts addressed in those cases is not the same as here. The Court also notes that there is ample case law from the Eleventh Circuit supporting its holding, and therefore, any reliance on Ninth Circuit cases in the R&R is not necessary to its conclusions. Further, the Ninth Circuit's rulings are not binding on this Court, especially considering contrary rulings by the Eleventh Circuit. The Court gives no weight to this argument.

initiate the traffic stop" based on the smell of marijuana coming from the defendant's car), *report and recommendation adopted*, No. 1:22-cr-404-ELR-JEM-1, 2024 WL 1119388, at *5 (N.D. Ga. Mar. 14, 2024); *Santiago-Marrero*, 2024 WL 3317743, at *10 (rejecting the defendant's argument about hemp and marijuana odors and holding that the officers had reasonable suspicion based on the smell of marijuana); *United States v. Hardin*, No. 3:20-cr-93S1-MMH-JBT, 2022 WL 19267, at *4 (M.D. Fla. Jan. 3, 2022) (rejecting the defendant's argument on the legalization of hemp and noting that "the Eleventh Circuit continues to affirm that the smell of burnt marijuana can provide probable cause to search a vehicle.").

Accordingly, Crumbley's objection on this point is overruled. The Court agrees with the R&R that the officers had probable cause to search his backpack based on the smell of marijuana.

## IV. Conclusion

Crumbley's objections are overruled in full. The Court adopts the R&R [75] as its order. Crumbley's motion [10] to return property, motion [28] to suppress evidence, motion [29] to dismiss indictment, motion [31] to suppress statements, motion [42] to suppress cellular

phone extraction and amended motion [45] to suppress evidence are

denied.

IT IS SO ORDERED this 18th day of October, 2024.

Timothy C. Batten, Sr.
Chief United States District Judge